Receipt #162318 $405.00 2/2/2026 [illegible]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

FILED
FEB 02 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Victor Gozion Jr.,

Plaintiff,

v.

U.S. Department of Transportation
National Highway Traffic Safety
Administration (NHTSA)

Defendant.

Civil Action No. 1:26 CV 00265

**JUDGE BRENNAN**

**MAG. JUDGE GREENBERG**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking to compel the National Highway Traffic Safety Administration (NHTSA), a component of the U.S. Department of Transportation (DOT), to immediately release records and data regarding the information requested concerning the defects in Hyundai and Kia vehicles. These requests continually began as early as August 7, 2023 with the promise "we are currently reviewing records and anticipate starting production by the end of this month" and as recently as January 21, 2026, this time receiving no response. Now after the delivery of not a **single** document the Plaintiff seeks this Courts judicial power in procuring this vital evidence. This material is critical to understanding the known defects causing these vehicles non-collision fires to burst into flames from non-collision

fires resulting in at least two deaths in the United States to two of its citizens and causing hundreds of injuries and millions of dollars in damages. It should not be kept from the public eye.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. This Court has jurisdiction to grant declaratory and further proper relief pursuant to 28 U.S.C. §§ 2201-2202 and the Federal Rules of Civil Procedure 57 and 65.

4. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Victor Gozion Jr., the Plaintiff in this action, has his principal place of residence in Cuyahoga County within the Northern District of Ohio.

## PARTIES

5. Plaintiff Victor Gozion Jr. is a resident of Cuyahoga County is the victim of a non-collision fire involving a 2014 Kia Soul - with an open recall for engine compartment fire (20V750). His losses are in excess of $75,000.

6. Defendant the National Highway Traffic Safety Administration (NHTSA) is a subcomponent of the U.S. Department of Transportation and an agency within the meaning of 5 U.S.C. § 552(f)(1). NHTSA's stated commitment is, "NHTSA is committed to providing the most accurate and complete information available to the American traveling public, in a helpful and courteous fashion. In all of our activities, we will strive to meet or beat our established deadlines for providing customer service".

7. The National Highway Traffic Safety Administration (NHTSA) is authorized by 49 U.S.C. § 30182 and 23 U.S.C. § 403 to collect data on motor vehicle traffic crashes to aid in the identification of issues and the development, implementation, and evaluation of motor vehicle and highway safety countermeasures. The information collected serves to identify and develop safety countermeasures that will reduce deaths, injuries, and economic losses resulting from motor vehicle crashes.

8. The National Highway Traffic Safety Administration (NHTSA) is an agency of the U.S government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The U. S. Department of Transportation is comprised of multiple sub-agencies, including NHTSA.

9. NHTSA's National Center for Statistics and Analysis (NCSA) provides in-depth analytical, investigative, and statistical analysis of data it collects to support the agency's safety mission. NCSA's analyses are used by NHTSA, other operating administrations in the U.S. Department of Transportation (e.g., Federal Highway Administration), and the public, including the motor vehicle safety community.

10. Defendant has custody and control over the records Plaintiff seeks to make publicly available under 5 U.S.C. § 552(a)(3).

11. Defendants' failure to conduct a reasonable search for records responsive to Plaintiff's Requests violates 5 U.S.C. § 552(a)(3).

12. To understand the scope of the concerns, more information is needed about the knowledge NHTSA has regarding evidence, data and any information it has on Hyundai and Kia related non-collision fires.

## STATEMENT OF FACTS

13. The Plaintiff is the victim of a fire that occurred on June 4, 2020 that emanated from a 2014 Kia Soul that on January 25, 2021 whould be issued recall 20V750 by NHTSA for non-collision engine compartment fire. A recall that today remains "open".

14. Hyundai and Kia have settled numerous Federal Civil Lawsuits, including Hyundai and Kia Engine Fire Litigation II, Case No. 8:18-cv-02223, in the U.S. District Court for The Central District of California. A lawsuit the 2014 Kia Soul in question is party to.

15. Material collected by The National Highway Traffic Safety Administration as of March 28, 2024 resulted in the recall of over 13,114,339 Hyundai and Kia vehicles for non-collision fire related issues. Including the 2014 Kia Soul in question.

16. The Plaintiff currently has a case in the Cuyahoga County Court of Common Pleas; CV-22-963499 that is presently under a stay issued by order by the Court.

17. Included in this FOIA request is material submitted by Hyundai employee and Whistleblower Kim Gwang-ho (whose identity is now public) resulting in Consent Order RQ17-004 with Hyundai Motor America, Inc. And Consent Order RQ17-003 with Kia Motors America Inc. The consent orders reflect the agency's assessment that both Hyundai and Kia conducted untimely recalls of over 1.6 million vehicles equipped with Theta II engines, and inaccurately reported certain information to NHTSA regarding the recalls.

18. Through Mr. Kim's cooperation with regulators at the conclusion of their four-year investigation, Hyundai and Kia were fined and penalized a combined $210 million dollars with Hyundai responsible for $140 million and Kia for $70 million.

19. Statements made by counsel for Mr. Gwang-ho, Mr. Wayne Lamprey, Constantine Cannon LLP "while traveling with the materials in my possession from Mr. Gwang-ho, I feared for my safety".

20. On November 9, 2021 Mr. Gwang-ho was awarded $24 million by the National Highway Traffic Safety Administration ("NHTSA"). Mr. Gwang-ho was a Hyundai engineer who provided information about safety violations involving engines seizing and catching fire in vehicles manufactured by Hyundai and its subsidiary Kia Motors. Mr. Kim was the first recipient of a whistleblower award under The Motor Vehicle Safety Whistleblower Act, codified at 49 U.S.C § 30172

21. On May 11, 2021 U.S. District Judge Josephine L. Staton approved a $1.3 billion settlement that consolidated several 2017 and 2018 nationwide class action lawsuits, alleging that Hyundai Kia refused to recall vehicles with the Theta II GDI engine, even though the automaker knew the engine was defective. Representing 3.9 million owners of Hyundai Sonata, Santa Fe, and Tuscon vehicles, and Kia Optima, Rio Sorento, Soul and Sportage vehicles, roughly in the 2011 to 2019 model years, the plaintiffs charged that the Theta II GDI was prone to catastrophic failures and non-collision fires, which exposed vehicle owners to safety hazards and economic losses.

***Plaintiffs' FOIA Request and Defendants' Response - (Exhibits Attached)***

22. On September 11, 2023 The Plaintiff received confirmation of the request and was assigned FOIA request number: 1556432, NHTSA ID number: 1160942. (See Exhibit A)

23. On or about August 7, 2023 the Plaintiff filed a Freedom of Information Request with The National Highway Traffic Safety Administration with six requests. (See Exhibit

B & C). That number will likely increase with the recent settlement with Hyundai and Kia surrounding NHTSA Safety Recall Campaign SC284 involving approximately 1,730,0918 Hyundai and Kia vehicle for fires related to their ABS Hydraulic Electronic Control Units (HBCU) manufactured by Hyundai subsidiary, Hyundai Mobis Co, LTD. Class action case brought and settled in the U.S. District Court Central District of California case number 8:20-cv-015484.

24. In its mandated Defect Chronology submission to NHTSA, Hyundai asserted that its American and Korean engineers have been investigating this problem for four years, beginning with analyses of some overheated ABS modules it collected in 2019. (Hyundai did not mention the earlier investigation that led to a recall in 2018.) Then, beginning in the summer of 2020, as Hyundai and Kia were initiating several recalls into other models and model years for ABS/HECU-related fires.

25. Recent NHTSA Recall 251 indicates critical material in NHTSA's possession in October 2021 when Hyundai brought in third-party engineering analyst firm, Exponent who after nearly two more years testing and analysis, identified the cause as the O-ring degradation within the ABS module, which lost strength and deformed over time breaking the seals: During this period, Exponent focused testing on the motor shaft O-ring material durability. In an update provided on May 9, 2023, Exponent reported that foreign contaminants were present in residual brake fluid found inside certain analyzed ABS modules. In an update provided on July 7, 2023, Exponent found the O-rings used in the subject ABS modules consisted of varying rubber material formulations determined through thermogravimetric ("TGA") analysis. In an update provided on

September 6, 2023, Exponent confirmed that certain material formulations used in the O-ring rubber could lose hardness over time. Additionally, the material could be affected by foreign contaminants in the brake fluid, potentially impacting sealing performance. Based on this information, Hyundai Motor Company conducted a review of supplier manufacturing records and confirmed a material formulation change to one with increased hardness implemented by the supplier in September 2014 and February 2015 at the Korea and U.S. plants, respectively.

26. According to the findings of the Plaintiffs Fire Expert the ABS/HECU module is the exact location where the fire originated in the 2014 Kia Soul in question.

27. The Plaintiff has made multiple attempts for the requested material including on December 4, 2024 with Mr. Drusti Gandhi Attorney Advisor, Office of the Chief Counsel. "I understand you are looking for a status update on your FOIA request NHTSA-230911-006. We are currently reviewing records and anticipate starting productions by end of this month". (See Exhibit D)

28. The last reply the Plaintiff received (again, after numerous attempts) from NHTSA Response team member, Mr. Ambrose was on August 21, 2025. (See Exhibit E)

29. The Plaintiff followed up as recently as January 21, 2026 with the NHTSA Response Team and has yet to receive a reply. (See Exhibit F)

30. The last reply the Plaintiff had with Ms. Dylan Voneiff, Trial Attorney for Litigation Enforcement, DOT and NHTSA, Office of Chief Counsel was on August 26, 2025. "I spoke with our FOIA office and they are actively working on the partial production for your request." (See Exhibit G)

31. The Plaintiff followed up again as recently as December 11, 2025 and January 20, 2026 with Ms. Voneiff and has yet to receive a reply. (See Exhibit H)

32. Defendants have failed to make any substantive response to Plaintiff's FOIA Requests.

33. Defendants have violated the applicable statutory time limit for processing of FOIA Requests. Under 5 U.S.C. § 552(a)(6)(A) and (B), Defendants were required to make a determination on the Policies Request within thirty business days, or by October 11, 2023. Under 5 U.S.C. § 552(a)(6)(A) and (B), Defendants were required to make a determination on the Data Request within thirty business days, or by October 26, 2023.

34. Defendants have failed to conduct an adequate search or promptly produce records and are unlawfully withholding responsive records.

35. Because Defendants have failed to respond to the FOIA Requests within the applicable statutory period, any administrative remedies are deemed exhausted. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of the Freedom of Information Act, 5 U.S.C. § 552: Failure to Conduct an Adequate Search for Responsive Records

36. Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA Requests. Defendants failed to conduct such a search with respect to either the Policies Request or the Data Request. Only emails stating they were looking into the request.

37. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for them.

## SECOND CAUSE OF ACTION

### Violation of the Freedom of Information Act, 5 U.S.C. § 552: Failure to Make a Determination and Promptly Produce Responsive Documents

38. Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B)(i) to make a determination on Plaintiff's FOIA Requests within thirty business days.

39. Defendants did not make a determination within thirty business days of receipt of the FOIA Requests.

40. Defendants are obligated to produce responsive records promptly under 5 U.S.C. § 552(a)(3)(A).

41. Defendants have failed to promptly produce responsive records.

42. Defendants' failure to make a determination within the statutory time frame and produce responsive records promptly violates 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i), and (a)(6)(B)(i).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

a. Order that Defendants conduct an adequate search for records responsive to Plaintiff's FOIA Requests;

b. Order that Defendants make a determination and promptly produce records responsive to Plaintiff's FOIA Requests as required by 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i), and (a)(6)(B)(i);

c. Enjoin Defendants from improperly withholding records;

d. Declare that Defendants' failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3);

e. Declare that Defendants' failure to promptly produce records responsive to Plaintiff's FOIA Requests violates 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i) and (a)(6)(B)(i);

f. Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable statute or regulation; and

g. Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated February 3, 2026

Respectfully submitted,

Victor Gozion Jr.
12911 Snowville Road
Brecksville, Ohio 44141
216-334-7375
gozionfilms@yahoo.com